IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex. rel.* KYLE GROVE, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 15-6032-CV-SJ-RK |
| v. | )<br>) **EX PARTE AND UNDER SEAL** |
| HEARTLAND REGIONAL MEDICAL CENTER AUXILIARY, INC., *et al.,* | )<br>)<br>) |
| Defendants. | ) |

**ORDER REGARDING**
**RELATOR'S MOTION TO DISMISS AND MAINTAIN SEAL OR, IN THE**
**ALTERNATIVE, MOTION TO FILE AMENDED COMPLAINT WITH PSEUDONYM**

Before the Court is Plaintiff/Relator Kyle Grove ("Relator")'s Motion to Dismiss and Maintain Seal, or, in the Alternative, Motion to File an Amended Complaint and Proceed Using a Pseudonym. (Doc. 17.) The Government has filed objections to the motion. (Doc. 19.) Upon review, the Court **GRANTS in part** and **DENIES in part** Relator's motion.

**I.    Background**

Relator brought this qui tam action pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(b). FCA provisions permit a person to file an action on behalf of the Government against entities that the filer asserts have committed fraud on the Government. Relator's Complaint alleges that Defendants reported inaccurate and inflated information to Medicare and Medicaid programs, which resulted in the submission of fraudulent claims for payment. (Doc. 1 at ¶¶ 1, 2.) Pursuant to FCA provisions, Relator filed his Complaint under seal and served it on the United States, but not Defendants. *See* 31 U.S.C. § 3730(b)(2). The Government conducted an investigation and eventually declined to intervene. (Doc. 14.)

Relator now moves to voluntarily dismiss the Complaint, but to maintain the seal over all filings. In the alternative, Relator seeks to file an amended complaint that substitutes a pseudonym for his real name while maintaining the seal over previously-filed documents containing his real name; therefore, the only documents available to the public refer to Relator as "Relator Doe." The Government does not oppose Relator's request to dismiss, however, the Government opposes the requests to either maintain the seal or to file an amended complaint substituting a pseudonym.

## II. Discussion

### A. The Court Grants Relator's Request for Dismissal

First, the Court considers Relator's request to voluntarily dismiss this case without prejudice. Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. No Defendant has been served with the Complaint and therefore no Defendant has been required to answer or otherwise respond to the Complaint. Additionally, "[a qui tam] action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(2). The Government reports that it does not oppose Relator's request; that the Attorney General of the United States consents to dismissal; and that the reasons for dismissal are that the allegations in this matter were investigated, and found to lack significant merit. (Doc. 19 at 1.) Therefore, the Court consents to the dismissal for the reasons stated by the Government.

### B. The Court Denies Relator's Request to Maintain Seal

Second, the Court considers Relator's request that this case be dismissed with the seal maintained. To begin, as recognized by both Relator and the Government, a strong presumption favors public access to judicial records. *See Nixon v. Warner Communications*, 435 U.S. 589, 597 (1978) ("The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). In the context of FCA actions, "[t]axpayers are 'real parties in interest' . . . because they possess a strong interest in fraud committed against the United States that results in monetary loss to the Government." *United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 67 (D.D.C. 2011) (citation omitted). In fact, "FCA cases are brought with the expectation that the pleadings will be eventually unsealed." *Id.* (*citing ACLU v. Holder*, 673 F.3d 245, 257 (4th Cir. 2011)); *see also U.S. ex rel Coughlin v. IBM Corp.*, 992 F. Supp 137, 140 (S.D.N.Y. 1998) (the FCA "envisions the lifting of the seal as to certain documents, particularly the relator's complaint").

For these reasons, courts typically deny relator's requests to maintain a permanent seal in FCA actions. *E.g.*, *U.S. ex rel. Grover v. Related Cos., LP*, 4 F. Supp. 3d 21 (D.D.C. 2013); *Durham*, 818 F. Supp. 2d at 67; *U.S. ex rel. Herrera v. Bon Secours Cottage Health Servs.*, 665 F. Supp. 2d 782, 785 (E.D. Mich. 2008) ("there is nothing in the FCA suggesting that the initial

seal was imposed to protect the identity of the relator or that qui tam complaints in which the Government decides not to intervene should be permanently sealed"); *U.S. ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007) ("the presumption in favor of public access to court filings is especially strong where, as here, the filings involve matters of particular concern to the public, such as allegations of fraud against the government"); *see also* 6-26 Moore's Federal Practice - Civil § 26App.102 (2017).

In support of maintaining a permanent seal over this action, Relator contends that he and his counsel have observed "in other, similar circumstances where a whistleblower or witness is threatened or retaliated against for their conduct." (Doc. 17.) Relator maintains that "the health care industry in the Kansas City area is a small community" and that "disclosure of [his] identity as a qui tam plaintiff would create significant risk for [his] future employment." (Doc. 17-3 at ¶ 13.) Plaintiff further states that "as someone who has worked in the health care field for almost ten years," he is aware of difficulties encountered by "'whistleblowers' in obtaining and maintaining employment and in maintaining professional relationships necessary for succeeding in the health care industry." (*Id.* at ¶ 14.) In response, the Government contends that Relator is unable to make the showing necessary to overcome the strong presumption of public access to judicial records, and maintains that courts repeatedly deny attempts to maintain the seal in FCA cases upon dismissal. (Doc. 19 at 2-3.)

After review of the briefs and the applicable standard in determining whether to maintain a permanent seal, the Court concludes Relator has not demonstrated a countervailing privacy interest to rebut the strong presumption favoring openness. Significantly, Relator is no longer employed for the party affected by this action. (*See* Doc. 17-3 at ¶¶ 5-7.) Relator's general apprehension regarding retaliation by prospective employers and reputational harm are insufficient to override the public's presumptive right to access judicial records, which is especially strong here, where the action involves allegations of fraud on the Government. *See Permison*, 492 F. Supp. 2d at 564 (concluding that the relator's "vague and hypothetical" fear "of future retaliation by his former employer falls far short of outweighing the public's strong interest in having access to court filings"). "Voluntary dismissals of FCA actions do not render the allegations any less relevant to the taxpaying public." *Durham*, 818 F. Supp. 2d at 67. Thus, a permanent seal is not warranted.

### C. The Court Denies Relator's Alternative Request to File Amended Complaint with Pseudonym

As an alternative request to maintaining a permanent seal, Relator requests he be allowed to file an amended complaint that substitutes a pseudonym for his real name. As a general rule, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). In exceptional circumstances, a court in its discretion may allow a party to use a pseudonym. Neither the Eighth Circuit nor the Supreme Court appears to have addressed when a pseudonym may be used. According to district courts in this circuit as well as other circuits, when deciding this issue, the key question is whether there is "a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *Roe v. St. Louis Univ.*, No. 4:08CV 1474 JCH, 2009 U.S. Dist. LEXIS 27716, at *9 (E.D. Mo. Apr. 2, 2009) (surveying federal circuit and district courts). Some of the factors weighing in favor of permitting use of a psedonym include: "(1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *Id.* at *10. Additional considerations identified by another district court in this circuit include:

> (4) whether the plaintiff would risk injury if identified; (5) whether the party defending against a suit brought under a pseudonym would thereby be prejudiced; (6) the extent to which the identity of the litigant has been kept confidential; (7) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (8) whether the interests of children are at stake.

*Doe v. Hartz*, 52 F. Supp. 2d 1027, 1046-47 (N.D. Iowa 1999) (internal citations omitted).

In arguing that Relator should be permitted to proceed anonymously, Relator contends that public disclosure of his identity as a whistleblower puts him at severe risk of loss of employment and blacklisting by prospective employers in his industry, which would result in financial harm. Relator asserts that proceeding anonymously would not prejudice either the Government or the Defendants. Relator further maintains that prohibiting Relator from proceeding anonymously would run counter to FCA provisions which are intended to encourage whistleblowers to report fraud. In its objections, the Government argues that Relator has identified no injury different from those typically rejected by courts as insufficient. The Government also maintains that the United States would be prejudiced by Relator's use of a pseudonym in this qui tam matter because of its strong interest in public disclosure. The

4

Government points out that the Relator's identity has already been revealed to Defendants when the case was partially unsealed and a copy of Relator's Complaint was provided to Defendants. (*See* Doc. 19 at 5.) Finally, the Government asserts that keeping Relator's identity anonymous would: "(1) grant *qui tam* plaintiffs special protection that, generally speaking, other types of plaintiffs do not receive, and (2) permit relator to assume all of the advantages of bringing a FCA cause of action without bearing any of the risks." (*Id.*)

Relator has not rebutted the presumption of openness. Relator makes no claim that the first three factors identified in *Roe* apply in this case nor does Relator discuss the balance of the other five factors identified in *Doe*. Relator instead focuses on the risk of prospective retaliation within the local health care industry and the purpose of the FCA to encourage whistleblower actions. However, Relator's generalized concerns of stigmatization and retaliation are not special circumstances that would justify permitting him to proceed anonymously in this matter. To conclude otherwise, in effect, would suggest the same is appropriate in every similar action brought against employers. *See Grover*, 4 F. Supp. 3d at 29 ("Relator's retaliation concerns are similar to those of the many other employees who bring suits against their employers or former employers for various reasons and therefore should not merit special protection in *qui tam* actions.") (citations and internal quotation marks omitted).

In addition, Relator cites several non-FCA cases where courts permitted a litigant to proceed anonymously, but those cases present distinguishable circumstances from this action. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069-73 (9th Cir. 2000) (plaintiffs' concern for threat of retaliation involved risk of deportation and arrest); *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (plaintiffs were challenging government activity and plaintiffs had received death threats); *Roe v. St. Louis Univ.*, No. 4:08CV 1474 JCH, 2009 U.S. Dist. LEXIS 27716, at *13 (E.D. Mo. Apr. 2, 2009) (anonymity justified to protect rape victim); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (anonymity justified to protect plaintiff's HIV-positive status).

After consideration of the briefs and the applicable standard in determining whether to permit Relator to proceed using a pseudonym, the Court agrees with the Government that Relator has failed to overcome the strong presumption in favor of openness in judicial proceedings. As with any typical FCA action, due to the strong public interest involved in these matters, the Complaint should be open to the public now that the Government has declined to intervene. *See*

*Herrera*, 665 F. Supp. 2d at 785 (concluding that the FCA's provision setting a time period for sealing reflects Congress' intent to have the seal lifted after the Government conducts its investigation and decides whether to intervene).

### III. Conclusion

Upon consideration and for the reasons above, it is hereby **ORDERED** that:

1. Relator's Motion to Dismiss and Maintain Seal, or, in the Alternative, Motion to File an Amended Complaint and Proceed Using a Pseudonym (doc. 17) is **GRANTED in part** as to his request to voluntarily dismiss the Complaint without prejudice. All other requested relief is **DENIED**.

2. The United States is to submit to the Court a proposed order of dismissal, consistent with this order, lifting the seal on or before September 14, 2017.

                                                    s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: September 7, 2017